UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE GUADALUPE LOPEZ-RAMIREZ,<br><br>Defendant. | No. 2:10-cr-00029-GEB-1<br><br>**ORDER ISSUED UNDER 18 U.S.C. § 4241(d) DIRECTING THE ATTORNEY GENERAL TO HOSPITALIZE DEFENDANT FOR TREATMENT IN A SUITABLE FACILITY** |
|---|---|

On January 23, 2017, the district judge sua sponte committed Defendant Jose Guadalupe Lopez-Ramirez to the custody of the Attorney General of the United States for a competency evaluation under 18 U.S.C. § 4241(b), since reasonable cause existed for the determination whether he "suffer[s] from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(a)." Amended Order for Examination and Report Under 18 U.S.C. § 4241 ("Amended Order"), Jan. 23, 2017, 4:5-9, ECF No. 48. Lopez-Ramirez has been charged in this case with committing an illegal entry felony offense.

Subsequently, the Federal Bureau of Prisons ("B.O.P") emailed chambers the competency examiner's Forensic Evaluation concerning Lopez-Ramirez, dated April 17, 2017, which has been filed under seal and served on the parties in this case. The examiner's Forensic Evaluation includes the following opinions and information concerning Lopez-Ramirez's competency:

Based on the information available,

> there is substantial evidence to indicate Mr. Lopez-Ramirez does suffer from a mental disorder, specifically Delusional Disorder, which . . . substantially impairs his ability to properly assist counsel in a defense . . . . [H]is current symptoms of a mental illness are so prominent that they interfere with [his] ability to properly assist counsel in his defense. Due to the content of his delusion, he is highly resistant to proceeding with the current court proceedings, as he believes his prior [state] convictions are directly related to any current charges. Furthermore, most likely he will not assist an attorney who is unwilling to address his current claims of 'injustice.' He is not able to ascertain reality, realistically appraise his behavior, or consistently converse in a logical and rational manner, all of which would be necessary to some extent to properly assist counsel in a defense. Moreover, it is likely his tendency to demonstrate argumentative and disruptive behavior in court will continue, which is counter-productive in these proceedings.
>
> In view of Mr. Lopez-Ramirez's mental condition and related behavior, it is recommended that he be committed to a federal medical center for treatment for restoration to competency pursuant to 18 U.S.C. Section 4241(d). The commitment would allow for a longer period of observation and stabilization of mental functioning, by providing longer term and consistent psychological treatment and psychotropic medication. Treatment may also include significant education regarding court proceedings, and should focus on conveying information in a simple, repetitive manner to ease his understanding and ability to learn the relevant material.

Forensic Evaluation 14-15, ECF No. 57 (Sealed).

In light of the hospitalization recommendation in the Forensic Evaluation, an order issued on April 24, 2017, directing counsel to file a brief and/or a separate or joint proposed order concerning B.O.P.'s recommendation that Mr. Lopez-Ramirez "be committed to a federal medical center for treatment for

restoration to competency under 18 U.S.C. Section 4241(d)." Order Filing Forensic Eval. Under Seal and Directing Counsel ("Order"), Apr. 24, 2017, 2:16-20, ECF No. 56. A hearing on the competency issue was held on May 5, 2017, during which Defendant's counsel explained Lopez-Ramirez had not yet returned from the facility where his competency was evaluated. Therefore, the competency hearing was rescheduled to occur on May 19, 2017 (the "May 19 Hearing").

It was decided at the May 19, 2017 hearing that based on the Forensic Evaluation dated April 17, 2017, "the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to . . . assist properly in his defense[; therefore,] . . . [Lopez-Ramirez is committed] to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility . . . for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward . . . ." 18 U.S.C. Section 4241(d).

The parties agreed during the May 19 Hearing that the hospitalization period does not commence until Lopez-Ramirez arrives at the treatment facility. United States v. Villegas, 589 Fed. Appx. 372, 373 (9th Cir. 2015)("The plain language of § 4241(d) provides that the four-month period of evaluative commitment begins on the date of hospitalization.") Furthermore, each counsel may communicate with the B.O.P. and provide the

B.O.P. with information and documents thought to be helpful to the restoration treatment; and Lopez-Ramirez's attorney, Mr. Clemente Jimenez, may seek to communicate with Lopez-Ramirez where he is hospitalized and to the mental health examiner.

The examining officials are authorized to access all pertinent medical and collateral information, including psychiatric and medical records and psychological reports and testing.

At the conclusion of the four-month period the Bureau of Prisons shall provide the Court with a report advising whether the defendant has been restored to competency and, if not, whether there is a substantial probability that in the foreseeable future he will be restored to competency. The report shall be emailed to the Courtroom Deputy at the following address: sfurstenau@caed.uscourts.gov

The Clerk of the Court shall include the United States Marshal and the Federal Bureau of Prisons in the service of this Order. The service on the Federal Bureau of Prisons shall have attached thereto a copy of the Indictment (Document No. 1), Amended Order For Examination And Report Under 18 U.S.C. § 4241, filed January 23, 2017 (Document No. 48), Letter to Court Regarding Unlawful Deportation, filed April 3, 2017 (Document No. 53), and the Forensic Evaluation, filed as "Sealed Event" on April 24, 2017 (Document No. 57). The service on the Federal Bureau of Prisons shall be served by email to the following address: ***gra-dsc/teampapa~@bop.gov***

*Dated: May 19, 2017*

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge